The Honorable Mike Bearden State Senator Post Office Box 1824 Blytheville, Arkansas 72316
Dear Senator Bearden:
This is in response to your request for an opinion regarding the "Mississippi County Employee Health Benefit Plan." It is my understanding that, for the calendar year of 1996, Mississippi County contracted with Mid-Continent Medical Benefit Trust for a health benefit plan for county employees. According to your letter, the plan "was in the nature of a self-insured plan or a third-party administration plan and was intended to be set up under the Employee Retirement Income Security Act (ERISA)."[1] You state that Mid-Continent obtained excess or reinsurance coverage from unlicensed insurance companies that have defaulted on their obligation. You further state that, as a result of these defaults, there are no funds available to the Mississippi County Employee Health Benefit Plan (Plan) to pay outstanding health claims incurred by the employees and their dependents. It is also my understanding that a comparable arrangement was made with Third Party Claims Management for 1995 and that there is a disagreement concerning the availability of funds from the excess or reinsurance company. Consequently, there are not sufficient funds available to the Plan to cover the outstanding medical expenses incurred by county employees and their dependents for 1995. With regard to this situation, you have presented the following question:
 Can Mississippi County legally use public money to fund its self-insured type, third party administered, employee health benefit plan which is insolvent due to a breach by third-party reinsurers of the Plan, while pursuing legal remedies?
A conclusive answer to your question would require construction of the relevant agreements and documents regarding the Plan. None of these documents have been furnished to this office. Furthermore, the construction and interpretation of agreements is not ordinarily within the scope of an opinion of this office, which lacks the resources to undertake a factual review of the terms of specific contracts. I will, however, generally outline the legal analysis that likely would guide the factual review.
Although counties are given broad authority over their government by virtue of Ark. Const. Amend. 55, a county may only exercise local legislative authority not denied by the Constitution or by law. Arkansas Constitution Article 12, § 5, provides that "No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation, or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual." As a general matter, therefore, a county cannot appropriate money for a private corporation or an individual, absent a valid agreement for services. See Op. Att'y Gen. Nos. 96-287, 93-274, 91-410, and 87-232. However, if a contract for services is supported by adequate consideration and it is for a public purpose, it would generally fall outside the prohibition of Ark. Const. art. 12, § 5. See Op. Att'y Gen. No. 96-287 and 93-274.
Further, a county may provide a health care plan to its employees. Seegenerally A.C.A. § 24-12-128 (Supp. 1995) (certain county employees granted permission to continue to participate in the "county health plan" after retirement). The "compensation" for county employees is set by the quorum court.[2] A.C.A. § 14-14-801(a)(6) (1987) and A.C.A. §14-14-1206 (a) (1987). This office has indicated that the county government code generally reflects the legislature's expansive view of the term compensation. See Op. Att'y Gen. No. 95-061. We have commented that health insurance benefits would likely be considered compensation.See Op. Att'y Gen. Nos. 95-061, 95-004, 93-036, 88-352; see also Op. Att'y Gen. No. 94-210. In addition, it has been stated that "the trend of decisions in most jurisdictions where the payment of group insurance premiums has been contested is to uphold such expenditures as being for a public purpose and therefore constitutional, and not an attempt to lend credit or grant public money in aid of individuals." Riddlestorffer v.City of Rahway, 196 A.2d 550 (N.J.Super.Ct. Law Div. 1963). The New Jersey court interpreted a constitutional provision comparable to Ark. Const. art. 12, § 5, and held that payment of medical benefit premiums was not a donation of public money in violation of the constitution. The court commented that payment of health benefits was part of the compensation to be paid the employees.
It is my understanding that the Mississippi County Employee Health Benefit Plan is "in the nature of a self-insured plan." Black's Law Dictionary defines the term "self-insurance" as "The practice of setting aside a fund to meet losses instead of insuring against such through insurance. A common practice of business is to self-insure up to a certain amount, and then to cover any excess with insurance." Black's Law Dictionary (5th ed. 1979). Although the precise nature of the Plan cannot be determined from the limited information provided, I have found no statutory provisions that specify the methods that a county may utilize to provide a health care plan to its employees. A "self-insured" employee health care plan is not flatly prohibited.
Although it is impossible to conclusively answer your question without reviewing the relevant documents, I will briefly address the two principal scenarios implicated by your fact situation. In my opinion, the legality of the contemplated appropriation will depend primarily upon whether the County will be appropriating public funds for a private corporation or whether the County will be appropriating public funds, which are contractually obligated pursuant to a health benefit plan, for employees. It is unclear whether Mid-Continent Medical Benefit Trust and the companies that were to provide excess insurance coverage contracted to provide health benefits directly to county employees or whether the corporations contracted to provide services to the county (i.e.
administer county health plan and provide excess insurance for county). It is also unclear whether the County itself is obligated, pursuant to a health benefit plan, to provide health benefits to its employees; the County, as part of each employee's compensation, may have agreed to pay certain health benefits to each employee. If the County itself is obligated to pay the health benefits, then it is unlikely that an appropriation to satisfy these obligations would be contrary to Ark. Const. art. 12, § 5.[3] On the other hand, the above corporations, rather than the County, may have in fact contracted to provide health benefits to county employees. If the County appropriates additional funds to the above corporations simply because the corporations have defaulted on their obligations to county employees, then the appropriation might be considered a gratuitous appropriation prohibited by Ark. Const. art. 12, § 5. The County would not receive any benefits other than those which it had already contracted for with the corporations.
Again, it must be noted that the review of particular contracts or other agreements is ordinarily outside the scope of an Attorney General opinion because such review necessarily entails factual determinations. The construction of particular agreements is a function properly performed by the county attorney or other counsel to whom the county ordinarily looks for advice. The foregoing should, however, offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It is unclear from the limited information provided whether the plan in question is governed by ERISA, 29 U.S.C.A. § 1001, et seq.; however, it should be noted that a "governmental plan" within the meaning of 29 U.S.C.A. § 1002 (32) is excluded from the effect of ERISA by29 U.S.C.A. § 1003(b)(1).
[2] It should also be noted that "all compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county." A.C.A. § 14-14-1203(b) (1987).
[3] Under this scenario, the County may have contracted with certain corporations to reimburse the County for any amount of health benefits that the County was obligated to pay over a specified limit. The County itself, however, would be obligated to pay the health benefits to the employees regardless of whether the County anticipated being "reimbursed" pursuant to its own excess "insurance" policy.